



'07 CIV 7428

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

AQUAROOTS SHIPPING CO. LTD.,

               Plaintiff,

    - against -

HANJIN TRANSPORTATION CO. LTD. d/b/a
HANJIN CO. LTD.,

               Defendant.

-------------------------------------------------------------------X

07 Civ

ECF CASE

## VERIFIED COMPLAINT

Plaintiff, AQUAROOTS SHIPPING CO. LTD. ("Aquaroots" or "Plaintiff"), by and

through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against

the Defendant, HANJIN TRANSPORTATION CO. LTD. d/b/a HANJIN CO. LTD.

("Defendant") alleges, upon information and belief, as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.      At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity organized and existing under the laws of Liberia.

3.      Upon information and belief, Defendant was, and still is, a foreign corporation, or

other business entity organized and existing under the laws of South Korea.

4.      At all material times, Plaintiff was the Owner of the motor vessel "VORIOS

IPIROS HELLAS" (hereinafter the "Vessel").

5.      By a charter party dated April 19, 2007, Plaintiff time-chartered the Vessel to

Defendant for "one charter trip via South Korea/China to Mediterranean including black sea with

intended cargo . . . ."

6.      During the course of the charter, disputes arose between the parties regarding Defendant's failure to pay and/or wrongful deduction of hire due and owing under the charter party. *See hire statement annexed hereto as Exhibit "1."*

7.      Defendant wrongfully and improperly deducted hire for the alleged failure of cranes and winches during the course of the charter and for other expenses and charges which were properly due and owing to Plaintiff under the charter party.

8.      As a result of Defendant's breach of charter party contract, Plaintiff has sustained damages in the principal amount of $416,372.37, exclusive of interest, arbitration costs and attorneys fees.

9.      Pursuant to the charter party, all disputes arising thereunder are to be submitted to arbitration in Hong Kong with English Law to apply.

10.      Despite due demand, Defendant has failed and/or refused to pay the sums due and owing to Plaintiff.

11.      Thus, Plaintiff has commenced arbitration proceedings against Defendant on its claims.

12.      Interest, costs and attorneys' fees are routinely awarded to the prevailing party in proceedings subject to English Law.  As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---|
| A. | Principal claim: | $416,372.37 |
| B. | Interest on claims:<br>3 years at 7.5%, compounded quarterly | $103,975.00 |
| C. | Estimated attorneys' fees and expenses: | $70,000.00 |
| D. | Estimated arbitration costs: | $30,000.00 |
| **Total** | | **$620,347.37** |

13.     Upon information and belief, "HANJIN CO. LTD." is a trade name and/or alias of "HANJIN TRANSPORTATION CO. LTD" or vice versa.

14.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of one or more garnishees which are believed to be due and owing to the Defendant.

15.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.     That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C.     That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

3

pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendant, in the amount of **$620,347.37** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.      That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.      That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.      That this Court award Plaintiff its attorney's fees and costs of this action; and

G.      That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: August 21, 2007
       Southport, CT


                                    The Plaintiff,
                                    AQUAROOTS SHIPPING CO. LTD.,


                               By:_____
                                    Nancy R. Peterson (NP 2871)
                                    Patrick F. Lennon (2162)
                                    LENNON, MURPHY & LENNON, LLC
                                    420 Lexington Ave., Suite 300
                                    New York, NY 10170
                                    (212) 490-6050 – phone
                                    (212) 490-6070 – fax
                                    nrp@lenmur.com
                                    pfl@lenmur.com


4

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )        ss.:    Southport
County of Fairfield  )

1.      My name is Nancy R. Peterson.

2.      I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.      I am an attorney in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the

Plaintiff.

4.      I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.      The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.      The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.      I am authorized to make this Verification on behalf of the Plaintiff.

Dated:        August 21, 2007
              Southport, CT


                                               _____
                                               Nancy R. Peterson

**EXHIBIT 1**

# AQUAROOTS SHIPPING COMPANY LIMITED

## 80 BROAD STREET,
## MONROVIA
## LIBERIA

---

**M/V VORIOS IPIROS HELLAS – CP 19/04/2007**
**ACCOUNT OF  MESSRS HANJIN CO. LTD.**

*REVISED FINAL HIRE STATEMENT*                    20.05

| | | | | | | | USD |
|---|---|---|---|---|---|---|---|
| HIRE FROM | 22/04/2007 15:00 UTC | | | | | | |
| TO | 16/07/2007 20:05 UTC | | DAYS | 85 | AT USD | 27.000,00 | 2.300.718,75 |
| COMMISSION | | 3,75% | | | | | -86.276,95 |
| BUNKERS ON DELIVERY | | IFO | 404,90 | MTN | AT USD | 370,00 | 149.813,00 |
| | | MDO | 69,95 | MTN | AT USD | 610,00 | 42.669,50 |
| BUNKERS ON REDELIVERY | | IFO | 161,50 | MTN | AT USD | 370,00 | -59.755,00 |
| | | MDO | 22,70 | MTN | AT USD | 610,00 | -13.847,00 |
| C/V/E | DAYS | 85 | AT USD | 1.400,00 | PER | MONTH | 3.976,55 |
| ON OFF HIRE SURVEY | | | | | | | -700,00 |
| BA CHARTS SUPPLY | | | | | | | -134,34 |
| SPARE PARTS DELIVERY EXPENSES | | | | | | | -476,48 |
| PAD EYES | | | PCS | 386,00 | AT USD | 10,00 | 3.860,00 |
| ILOHC | | | | | | | 5.000,00 |
| CHARTERERS' REMITTANCE 26/04/2007 | | | | | | | -583.028,24 |
| CHARTERERS' REMITTANCE 09/05/2007 | | | | | | | -390.478,31 |
| CHARTERERS' REMITTANCE 22/05/2007 | | | | | | | -387.403,47 |
| CHARTERERS' REMITTANCE 07/06/2007 | | | | | | | -390.512,50 |
| CHARTERERS' REMITTANCE 25/06/2007 | | | | | | | -100.590,01 |
| CHARTERERS' REMITTANCE 02/07/2007 | | | | | | | -76.463,13 |
| **TOTAL DUE TO OWNERS** | | | | | | **USD** | **416.372,37** |

Our bank account us follows:

Beneficiary name      :    **AQUAROOTS SHIPPING COMPANY LIMITED**
Beneficiary account  :    **AQSHCOEA  USDA**
Beneficiary bank      :    **ROYAL BANK OF SCOTLAND**
Shipping Business Centre
5-10 Great Tower Street
London EC3P 3HX
UNITED KINGDOM
Swift address: **RBOSGB2LXXX**

Intermediate bank :    **AMERICAN EXPRESS BANK** (Account No. 000261123)
NEW YORK-USA
Swift address: **AEIBUS33XXX**

